OPINION of the Court, by
Judge Clark.
Atj action of covenant was brought by Archer in the Bourbon circuit court, against Joseph Robinet, on a covenant to convey land. The conveyance was to have been made on the last payment of the purchase money, which was payable on the 22d day of February 1803'. The bond for the purchase money was assigned by Ro-binet before it became due, and payment was made to his assignee. Robinet, pending this suit, died, and the same was renewed against his heirs and administrators. On the return of the scire facias, the court, on motion, quashed it as to the heirs of Robinet, and proceeded to trial against the administrators, for whom a verdict was found. ,
The assignment of errors questions, first, the propriety of dismissing the suit as to the heirs ; and secondly, the instruction given to the jury, that the plaintiff was bound to give notice to Robinet df the payment to his assignee, before he could recover.
" The act of 1792, subjecting lands to the payment of debts, contains ’ this provision : “ The same actions which will lie against executors or administrators, may be brought jointly against them, and the heirs and devi-sees of the dead person, or both.” This provision must have been intended by the legislature to remedy a ⅜ - *71 feet In the common law, and cut off circuity of action as much as possible j for by the general rules of the common law, no action could be brought jointly against the executor or administrator and heir, or against the heir and devisee. To remedy this inconvenience must have been the object of this section of the act. . The only doubt arising in the application of this section to the case before us, is whether an action can be brought against the administrator and heir, without joining the devisee. The latter part of the section explains in a great degree the intention ot the legislature, for if it wae intended that both the heir and devisee should Be joined, the expressions “or both,” would not have been usad. A contrary construction would in a great measure destroy the beneficial effect intended by the act. For in all cases where a man had died intestate, his creditor would be compelled to resort to the common law mode of recovery. Upon this construction of the act, the court erred in dismissing the suit as to the heirs for if the action would lie originally against the heirs and administrators, it would follow of course that it could be revived against them.
Covenant t® convey when laft payment is made, the bond for laft payment on a day certain was affigned, Ss payment made to affignee 5 no notice to cove-nantor, of payment made to the aflignce.wak neceSáry to be given by the co-venantee to maintain the action of covenant for not convey», >%
Upon the second point, we think the court erred in their instruction to the jury. The deed was to have been made upon the payment of the purchase money, and a day fixed for payment. The law could require nothing more of the plaintiff than a performance of this precedent condition ; on the payment of the purchase money, the right of action accrued ; the payment itself was notice of performance. By the terms of the contract the money was to have been paid to Robinet; so soon as that was done, he ought to have made the deed. He cannot, by the assignment 6f the bond, compel the debtor to do more than he was bound to do by the terms of his original agreement.
Judgment reversed, &c. and cause remanded for new proceedings according to the opinion delivered.